FOR THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TROY LEE BROWN, | * | |
| | | CASE NO.5:05-CV-134  WDO |
| Petitioner, | * | 28 U.S.C. § 2241 |
| VS. | * | |
| UNITED STATES OF AMERICA, | * | CASE NO.5:91-CR-10 (WDO) |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On March 11, 2005, Petitioner Brown filed in the Tampa Division of the United States District Court For the Middle District of Florida his REQUEST FOR THE ORIGINAL WRIT OF HABEAS CORPUS FOR THE EXECUTION OF CONVICTION AND SENTENCE. (R-202). Petitioner Brown asserted jurisdiction to be in the Middle District of Florida, but then, however, he requests Transfer of the Writ and Adjudication of the Claims on The Merits in the Middle District of Georgia, stating:

> The Petitioner brings to the court's attention that the writ should be transferred to the Middle District of Georgia, Macon Division, because that court is more familiar with the events of the case, for swift and just relief, as that court is a more convenient forum to address the matter here.  The records, filings, and any possible witnesses reside in the venue of the court in the Middle District of Georgia.

However, upon transfer, Petitioner Brown admonishes:

> The present motion must not be construed as a motion filed pursuant to Title 28 U.S.C. § 2255, or any other motion, and the petitioner does not give his consent to have the motion recharacterized.  See Title 28 U.S.C. § 2241.

On page 4 of his Request for Writ of Habeas Corpus, under the heading, THE SUPREME COURT'S CONSTITUTIONAL AND RETROACTIVELY APPLICABLE RULINGS IN BLAKELY V. WASHINGTON, AND APPRENDI V. NEW JERSEY, U.S. V. BOOKER, AND U.S. V. FANFAN, Petitioner Brown states:

> The petitioner brings to the court's attention that the Supreme Court has only recently made a constitutional retroactive ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), that now only clarifies the court's ruling in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which is relevant to the present case, and warrants the petitioner's conviction and sentence being vacated.

Clearly, petitioner is seeking the vacatur of his 1992 sentence issued from this court (R-95) and affirmed by the Eleventh Circuit Court of Appeals on January 20, 1994 (R-105).

Petitioner Brown's admonition that his present pleading not be recharacterized as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, because he will not consent to such recharacterization is not controlling in the matter.  Petitioner Brown's reliance on *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786, 792 (2003)*,* is misplaced, because *Castro* addressed the recharacterization of a pleading as a first § 2255 petition and its effect on a second or successive § 2255 motion under 28 U.S.C. § 2244.  The facts before this court, in regard to petitioner Brown's present pleadings, are that *he* filed his first § 2255 Motion collaterally attacking the sentence he collaterally attacks again now, on July 5, 1996. (R-108).  That Motion to vacate his sentence was denied after briefing, response, and reply, on January 8, 1997 (R-115).  Petitioner Brown appealed that decision to the Eleventh Circuit Court of Appeals (R-117).  While his appeal was pending, Petitioner Brown filed a second § 2255 Motion To Vacate, Set Aside, or Correct his Sentence on

November 20, 1997 (R-133), which the district court dismissed as unauthorized during a pending appeal and a second and successive petition. (R-134). On March 17, 1999, the Eleventh Circuit Court of Appeals affirmed the district court's denial of petitioner Brown's first § 2255 motion. (R-152).

Petitioner Brown filed a Motion To Correct Sentence and a Motion to Amend Judgment on April 25, 2001, and May 16, 2001, respectively, (R-171, 174), which the district court merged and recharacterized as another § 2255 motion. In this motion, Petitioner challenged his sentence under the Supreme Court's *Apprendi v. New Jersey* ruling. The district court denied this collateral attack on Petitioner Brown's sentence on November 26, 2001, finding that *Apprendi* had not been made retroactive to cases on collateral review. (R-186). Petitioner's present action raises the retroactive application of *Apprendi* yet again.

## No Substitute for § 2255

The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner. See *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987) (Petitioner also contends that his current federal sentence has been improperly enhanced . . . Such a challenge, however, should be brought as a motion pursuant to 28 U.S.C. § 2255 in the federal court which sentenced petitioner). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

2255; *McGee v. Hanberrry,* 604 F.2d 9, 10 (5th Cir. 1979)[1](A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federally imposed sentence. *Walker v. United States,* 429 F.2d 1301 (5th Cir. 1970). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion under § 2255; and a petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Wood v. Blackwell,* 402 F.2d 62, 63 (5th Cir.1968), *cert. denied,* 393 U.S. 1060, 89 S.Ct. 703 (1969)). In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), the Court discussed the 'inadequate and ineffective' language , the legislative history and the opinions of sister states. The Court held that this language does not allow a petitioner to escape the restrictions on second or successive § 2255 motions. . . . The mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective. See Judge Cox's concurring opinion in *Wofford* at page 1245, where he states, "I agree that Wofford's challenges to his sentence are not cognizable under § 2241. I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion." Petitioner Brown's consent withstanding, his motion must be recharacterized as a § 2255 Motion to Vacate.

---

[1] The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## **THE AEDPA**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, became effective on April 24, 1996, prior to the filing of Petitioner Brown's first § 2255 Motion, and, in relevant part, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Brown, contends that his case is controlled by the *Apprendi/Blakely/Booker* holdings, under retroactive application to his 1992 sentence. However, the Eleventh Circuit Court of Appeals has determined that the United States Supreme Court has not made either of the three of those cases retroactively applicable to cases on collateral review.

In *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005), the United States Supreme Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct

> review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[2]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a*

---

[2] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

> *fortiori Apprendi*) does not apply retroactively on habeas review"); *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review).

The United States Supreme Court did not make the rulings in either *Apprendi, Blakely* or *Booker* retroactive to cases on collateral or otherwise invoke the provisions of 28 U.S.C. § 2255(3) for application to Petitioner Brown's collateral attack on his 1992 sentence, and none of those cases can, therefore, be applied retroactively to Petitioner Brown's belated collateral attack on his 1992 sentence.

"The AEDPA provides that , to file a second or successive § 2255 motion, the movant must first file an application for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

WHEREFORE, IT IS RECOMMENDED that Petitioner Brown's REQUEST FOR THE ORIGINAL WRIT OF HABEAS CORPUS FOR THE EXECUTION OF CONVICTION AND SENTENCE be DENIED as a time-barred and a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, § 2244.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of May 2005.

    S/ G. MALLON FAIRCLOTH
    UNITED STATES MAGISTRATE JUDGE